————o————

## No. 5867.

## SUCCESSION OF FRANK SHARP.

### Syllabus.

An adjudicatee should not be compelled to accept a title which is suggestive of a future controversy with the adjoining proprietors concerning the location of their boundaries, as well as their rights with respect to a common alley.

Appeal from the Civil District Court, Parish of Orleans, Division "E," No. 99,717. Hon. G. H. Theard, Judge.

A. D. Danziger, E. M. Cahn, for plaintiff and appellant.

Chas. A. Butler, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The succession appeals from a judgment dismissing its rule to compel the appellee to comply with an adjudication of a certain lot of ground on Robertson Street.

Hedden, under whom appellant claims, owned property measuring 70 feet, 2 inches, on Robertson Street, beginning at a distance of 80 feet from Canal Street.

In causing this property to be subdivided into four lots and a common alley, the whole having an aggregate front of 70 feet 3 inches on Robertson Street, his surveyor began at a point 81 feet, 3 inches, from Canal Street instead of 80 feet as he should have done, with the result that the property was located upon the plat at a distance of 1 foot, 3 inches, from his real division line on the Canal Street side, and, necessarily, encroached 1 foot, 3 inches upon his neighbor's property on the other side.

The property in controversy, Lot "H," adjoins the alley, and being the lot farthest from Canal Street, embraces wholly that portion of the survey which apparently encroaches upon neighboring property to the extent of 1 foot, 3 inches—an encroachment which exists to the full depth of said lot.

Inasmuch as neither the appellant nor its ancestors in title ever possessed or even acquired by prescription or otherwise the portion encroached upon, the objection of the adjudicatee, that appellant cannot deliver a good title to the whole of lot "H" of the survey aforesaid, appears to be well grounded.

If, as appellant suggests, it has located and in fact possesses lot "H," as being wholly within the boundaries of the property which Hedden owned, the validity of its title to the lot thus possessed would depend largely upon

— 279 —

the order, in point of time, in which Hedden sold the lots included with the survey—and this is a matter upon which the record sheds no light whatever. Moreover, aside from the fact that such a title would be suggestive of litigation among the various owners as to boundaries and as to the alley common between them—for the lot as appellant locates it would include a portion of the alley—the fact remains that what was adjudicated to appellee was Lot "H" of said said survey, adjacent to an alley of fixed width, and not a lot as located by appellant, adjacent to an alley of lesser width. The former alone can be judicially coerced to accept.

There is no error in the judgment and it is accordingly affirmed.

Affirmed.

Opinion and decree, June 2nd, 1913.